UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ CASTILLO,<br><br>                Plaintiff,<br><br>v.<br><br>FCA USA, LLC,<br><br>                Defendant. | Case No.: 19-CV-151-CAB-MDD<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>[Doc. No. 1] |

This matter comes before the Court following a review of Defendant FCA US, LLC's Notice of Removal to the United States District Court for the Southern District of California. [Doc. No. 1.] On January 23, 2019, Defendant removed this action from the Superior Court of the State of California, County of San Diego claiming complete diversity and, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required for removal." [*Id*. at ¶ 15.]

Although Plaintiff Cruz Castillo did not file a motion to remand, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079,

1

at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). "Where doubt regarding the right to removal exists, a case should be remanded to

state court." *Matheson*, 319 F.3d at 1090.

Here, the underlying Complaint indicates that, "[o]n March 10, 2015, Plaintiff purchased a used 2011 Chrysler 300." [Doc. No. 1-2 at ¶ 8.] Plaintiff alleges that he "is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities" as well as "all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act." [*Id.* at ¶¶ 26-27.] Plaintiff also alleges he is entitled to "a civil penalty of up to two times the amount of actual damages for FCA US LLC's willful failure to comply with its responsibilities under the Act." [Id. at ¶ 29.] Because it is not facially evident from the Complaint that the amount in controversy exceeds $75,000, it is Defendant's burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Matheson*, 319 F.3d at 1090.

Defendant's Notice of Removal contends that Plaintiff's actual damages, based on the price paid for the vehicle less that amount directly attributable to use by the Plaintiff, is $26,131.31. [Doc. No. 1 at 15.] Defendant then states that by virtue of the civil penalty that Plaintiff also seeks (two times the "actual damages"), the total amount of damages sought by Plaintiff is approximately $78,393.81, plus attorneys' fees. Therefore, Defendant contends the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required for removal. [*Id.*]

The civil penalty under California Civil Code § 1794(c) cannot simply be assumed. *See Herko v. FCA US, LLC*, No. 19-CV-2057 JLS (WVG), 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019). While courts frequently treat this penalty as a form of punitive damages that may be appropriately included in an amount-in-controversy calculation, Defendant has made no showing that such a civil penalty is more likely than not to be awarded here. In *Zawaideh v. BMW of North America*, the court considered jurisdiction over a claim analogous to the one here and found that the amount in controversy had not been adequately proved. No. 17-cv-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal.

Apr. 17, 2018). Evaluating the civil penalty provision at issue here, the court reasoned that instead of simply assuming a penalty will be awarded, "the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id*. (collecting cases). Where the defendant failed to identify allegations justifying such an award and failed to submit evidence of civil penalties awarded in analogous cases, the court found the defendant failed to establish that the amount in controversy should include the civil penalty. *Id*. at *3.

The Court reaches the same conclusion here. Simply assuming a civil penalty award is inconsistent with the principle that the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" requirement is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Absent any specific argument or evidence for its inclusion, the Court will exclude the civil penalty under California Civil Code § 1794(c) from its amount-in-controversy calculation.

Defendant also appears to contend that attorneys' fees should be included in the amount in controversy calculation. [Doc. No. 1 at ¶ 15.] It is true that "attorneys' fees can be taken into account in determining the amount in controversy if a statute [or contract] authorizes fees to a successful litigant." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (quoting *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992), cert. denied, 459 U.S. 945 (1982)). But "Defendant does not make any effort to set forth the value of attorney's fees that it expects [P]laintiff[] will incur in this matter." *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1026 (N.D. Cal. 2003). Furthermore, without the inclusion of any civil penalty award into the calculation, the inclusion of a potential attorneys' fees award would likely still fail to satisfy the jurisdictional limit. Consequently, "[w]hile it may well be true that [Plaintiff's] claim . . . will ultimately exceed $75,000, [D]efendant has not met its burden to demonstrate this fact by a preponderance of the evidence." *See Johnson*, 280 F. Supp. 2d at 1026; *see also Zawaideh*, 2018 WL 1805103,

at *3. Accordingly, this case is **REMANDED** to the San Diego County Superior Court.

It is **SO ORDERED**.

Dated: December 5, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge